IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM JEFFREY McCLURE, | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | :  CASE NO. 5:16-CV-366-MTT-MSH |
| | : |
| Superintendent TIMOTHY JONES, *et al.*, | : |
| | : |
| Defendants. | : |

_____

## ORDER AND RECOMMENDATION

Plaintiff William Jeffrey McClure, an inmate at Hays State Prison, submitted a *pro se* civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) In addition to his complaint, Plaintiff filed motions for leave to proceed *in forma pauperis* (ECF No. 2), for appointment of counsel (ECF No. 3), and for a writ of mandamus (ECF No. 6). Plaintiff's motions are addressed immediately below. As indicated thereafter, if Plaintiff wishes to maintain this action, he must pay an initial partial filing fee of $18.00.

**I.     Motion for Appointment of Counsel**

Plaintiff's motion to appoint counsel is premature. The Court cannot properly evaluate Plaintiff's need for counsel until it has an opportunity to conduct a preliminary review of his complaint and Defendants' responsive pleadings. If, at that point, it is apparent that counsel should be appointed in this case, because of either the complexity of the issues or their novelty, *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987), the Court will

entertain a renewed motion. For future reference, Plaintiff is advised that there is no constitutional right to counsel in a section 1983 case, and that the appointment of counsel must be justified based on "exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Accordingly, Plaintiff's motion for counsel is **DENIED**.

**II.     Motion for a Writ of Mandamus**

Plaintiff also filed a motion for a writ of mandamus wherein he seeks an order requiring the Defendants to produce to the Court a copy of video footage that allegedly documents the use of excessive force on Plaintiff on October 1, 2015. (ECF No. 6.) Plaintiff fears Defendants might destroy the video evidence and asks the Court that it be preserved. *Id.*

This Court lacks authority to compel action by the state officials whom Plaintiff has sued. *Moye v. Clerk, DeKalb Cty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). Further, mandamus is a drastic remedy that should be used only in exceptional circumstances not present here. *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976). Therefore, it is **RECOMMENDED** that Plaintiff's motion for a writ of mandamus be **DENIED**.

Even if the Court were to construe Plaintiff's motion as one compelling discovery from Defendants, it would be denied as premature. Discovery may not commence until after this Court has conducted its preliminary review of Plaintiff's complaint, pursuant to 28 U.S.C. § 1915A, and Defendants have filed a responsive pleading. Regarding Plaintiff's fear, Defendants have a duty to preserve evidence when a party reasonably

anticipates litigation. *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009).; *see also Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005) (Under Georgia law, "spoliation of critical evidence may warrant the imposition of sanctions such as exclusion of certain evidence or outright dismissal of the case.").

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The district judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the district judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

### III.   Motion to Proceed In Forma Pauperis

The Court reviewed Plaintiff's motion to proceed *in forma pauperis* and, based on his financial information, finds that Plaintiff is presently unable to pre-pay the Court's

filing fee.  Plaintiff's motion to proceed *in forma pauperis* is thus **GRANTED**.  Plaintiff should, however, be able to pre-pay a portion of the filing fee.  Plaintiff's inmate account attached to his *in forma pauperis* motion shows that Plaintiff received $540.00 in the past six months and has $81.96 on hand.  In accordance with section 1915(b)(1)(A), Plaintiff is **ORDERED** to pay an initial partial filing fee of $18.00 to the Clerk of this Court.  Plaintiff is also required to pay the remaining $332.00 in installments, as provided in 28 U.S.C. § 1915(b).  Fees are not refundable, regardless of the outcome of this case.

### IV.   Time for Response

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to pay the initial filing fee of $18.00.  While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address.  Plaintiff's failure to fully and timely comply with this Order shall result in the dismissal of his complaint.

SO ORDERED and RECOMMENDED, this 5th day of October, 2016.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE