# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

WILLIAM JEFFREY MCCLURE, :
:
      Plaintiff, :
:
vs. : CASE NO. 5:16-CV-366-MTT-MSH
: 42 U.S.C. § 1983
TIMOTHY JONES, *et al.*, :
:
      Defendants. :

## ORDER

Presently pending before the Court are Plaintiff's motions for entry of default (ECF Nos. 32, 33, 52), motions for default judgment (ECF Nos. 35, 44), and motions to amend (ECF Nos. 58, 59). Also pending are Defendants' motion to set aside the default against Defendants Stephens and Sanford (ECF No. 53) and motion for an extension of time to file an answer (ECF No. 54). For the reasons explained below, Plaintiff's motions for default and motions to amend are granted. His motions for default judgment are denied. Defendants' motions to set aside the default and for an extension of time are granted.

## BACKGROUND

Plaintiff filed this action on August 15, 2016, asserting claims against multiple parties. *See generally* Compl., ECF No. 1. After a preliminary review, service was ordered against Defendants on October 19, 2016. Order, ECF No. 14. The United States Marshals Service issued a Process Receipt and Return on October 20 which was

mailed to Defendants on October 24, 2016. (ECF Nos. 16-20.) All Defendants failed to waive service in accordance with Federal Rules of Civil Procedure Rule 4(d). Consequently, the Marshals Service issued a Summons and Process Receipt and Return for personal service on December 21, 2016. (ECF No. 24.) Defendants Sanford and Stephens were personally served on January 6, 2017 and January, 27, 2017, respectively. (ECF Nos. 29, 31.) Defendants Sanford and Stephens failed to timely answer or otherwise respond to Plaintiff's complaint. The clerk thus entered default against Defendants Sanford and Stephens on March 14, 2017. Plaintiff moved for default judgment against Defendants Sanford and Stephens on March 23, 2017 (ECF No. 44).

On January 6, 2017, a United States Marshal served Defendants Williams, Jones, and Burney by serving Defendant Sanford, Chief of Security. (ECF Nos. 27, 28, 30) Service on Defendants Williams, Jones, and Burney was not proper personal service in accordance with Federal Rules of Civil Procedure Rule 4(e). The United States Marshals Service was thus directed to personally serve Defendants Williams, Jones, and Burney in accordance with Federal Rules of Civil Procedure Rule 4(e)(2)(A). Order 2, Mar. 14, 2017, ECF No. 39. Defendants Williams and Burney were personally served on March 29, 2017 (ECF Nos. 45, 47). Defendant Jones was personally served on March 30, 2017 (ECF No. 46). Defendants Williams, Burney, and Jones failed to timely answer or otherwise respond to Plaintiff's complaint. Plaintiff consequently moved for an entry of default on April 25, 2017 (ECF No. 52).

On May 9, 2017, Defendants moved to set aside the entry of default against them. (ECF No. 53.) Defendants then filed a motion for extension of time to file their answer

on May 16, 2017. (ECF No. 54.) Attached thereto is Defendants' proposed answer. (ECF No. 54-2.) Plaintiff has not responded to the request to set aside the entry of default, but has moved to amend his complaint (ECF Nos. 58, 59).

## DISCUSSION

I. **Motion to set aside entry of default**

Defendants move to set aside the entry of default against them (ECF No. 53).[1] Default has not been entered against Defendants Williams, Burney, and Jones. Plaintiff properly moved for default against them after the time for filing a responsive pleading elapsed. Consequently, Plaintiff's motions for default (ECF Nos. 32, 33, 52) as to Defendants Williams, Burney, and Jones are granted. Default having been entered against all Defendants, the Court now considers whether that default should be set aside.

Rule 55 of the Federal Rules of Civil Procedure provides that a clerk "must enter [a] party's default" when that party "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(c) allows the court to "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "In determining what constitutes 'good cause,' courts have considered, but are not limited to, factors such as whether the default was willful, whether the defaulting party would have a meritorious

---

[1] Defendants also filed a motion for an extension of time to file their answer and an attached proposed answer. (ECF Nos. 54, 54-2.)

defense, and whether setting aside the default would result in prejudice to the non-defaulting party." *Annon Consulting, Inc. v. BioNitrogen HoldingsCorp.*, 650 F. App'x 729, 732 (11th Cir. 2016). However, "these factors are not 'talismanic,' and [] courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana*, 88 F.3d at 951. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

Defendants submitted declarations in support of their motion to set aside the default showing that, after being properly served, they each contacted a supervisor and were told that the Complaint and accompanying documents would be forwarded to the Georgia Department of Correction's (GDOC) legal department. Sanford Decl. ¶ 3, ECF No. 53-2; Stephens Decl. ¶ 3, ECF No. 53-3; Jones Decl. ¶¶ 4-7, ECF No. 53-4[2]; Burney Decl. ¶ 3, ECF No. 53-5; Williams Decl. ¶ 3, ECF No. 53-6. Each defendant further believed that he or she would be contacted if he or she needed to take further action. Sanford Decl. ¶ 3; Stephens Decl. ¶ 3; Jones Decl. ¶¶ 4-7; Burney Decl. ¶ 3; Williams Decl. ¶ 3. Defendants did not then hear from the Attorney General's Office until the

---

[2] Defendant Jones is the superintendent of Macon Transitional Center. When he received the complaint packet in the mail, he asked his administrative assistant to contact the GDOC legal department. Jones Decl. ¶ 4. His assistant initially forwarded the Complaint and waivers of service to the Attorney General's Office in October 2016. *Id.* When he was personally served he again had his assistant forward the documents for himself and Defendants Burney and Williams to the Attorney General's Office. *Id.* ¶¶ 5-6. He then signed request for representation forms which were received on April 7, 2017. Jones Decl. ¶ 7.

4

evening of May 3, 2017, when they learned that the filing deadlines had passed. Sanford Decl. ¶ 4; Stephens Decl. ¶ 4; Jones Decl. ¶ 8; Burney Decl. ¶ 4; Williams Decl. ¶ 4. Counsel represents that they did not become aware of the case until May 3, 2017. Br. in Supp. of Defs.' Mot. to Set Aside 3, ECF No. 53-1.

It is clear from the record in this case that Defendants did not willingly default. To the contrary, Defendants and their counsel agree that the failure to timely respond is due to either an administrative error or a miscommunication on the part of counsel's office. Br. in Supp. of Defs.' Mot. to Set Aside 8; Sanford Decl. ¶ 4; Stephens Decl. ¶ 4; Jones Decl. ¶ 8; Burney Decl. ¶ 4; Williams Decl. ¶ 4. Defendants also assert that they have meritorious defenses to Plaintiff's claims and that setting aside the default will not prejudice Plaintiff.

The Court agrees and finds that good cause exists to set aside the default as to each Defendant. Plaintiff's motions for default judgment (ECF Nos. 35, 44) are accordingly denied. Defendants' motion for an extension of time to file an answer (ECF No. 54) is granted and the clerk is directed to docket the proposed answer at ECF No. 54-2 as the Answer in this case.

**II.     Plaintiff's motions to amend**

Plaintiff files two motions to amend (ECF Nos. 58-59) which clarify that Plaintiff (1) sues each defendant in his or her individual capacity, and (2) demands a jury trial. Second Mot. to Am. 1, ECF No. 59. Plaintiff also seeks to correct his complaint to reflect that Defendant Burney's first name is spelled "Tamika" and that Defendant Stephens' first name is Calvin. Mot. to Am. 1-3, ECF No. 58. Plaintiff's motions to

5

amend are granted. Defendants may file an amended answer within fourteen (14) days. Discovery shall commence either from the filing of an amended answer or when the fourteen days within which to file the amended answer expires.

## CONCLUSION

For the reasons explained above, Plaintiff's motions for default (ECF Nos. 32, 33, 52) and motions to amend (ECF Nos. 58-59) are granted. His motions for default judgment (ECF Nos. 35, 44) are denied. Defendants' motions to set aside the default (ECF No. 53) and for an extension of time (ECF No. 54) are granted. The clerk is directed to file Defendants' proposed answer. Defendants shall have fourteen (14) days within which to file an amended answer in response to Plaintiff's amended complaint.

SO ORDERED, this 9th day of August, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE